IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN REYES MATAMOROS, | § | |
| Petitioner, | § | |
| | § | |
| | § | No. 4:07-cv-02613 |
| v. | § | United States District Judge |
| | § | John D. Rainey |
| | § | **\*CAPITAL LITIGANT\*** |
| | § | |
| RICK THALER[1], | § | |
| Director, Texas Department | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## RESPONDENT THALER'S RESPONSE TO PETITIONER'S REPLY WITH BRIEF IN SUPPORT

Petitioner, John Reyes Matamoros, killed Edward George Goebel while in the course of committing or attempting to commit a burglary of a habitation or a robbery. A Texas jury subsequently convicted Matamoros of capital murder and sentenced him to die. Following unsuccessful direct appeal and writ proceedings in state court, Matamoros sought federal habeas relief pursuant to 28 U.S.C. §§ 2254 and 2241. DE 1.[2] Respondent, Rick Thaler, Director of the

---

[1] The previous named respondent in this action was Nathaniel Quarterman. Effective July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

[2] "DE" refers to entries on this Court's electronic docket sheet, available on PACER. "SHCR-02" refers to the clerk's record of documents on file with the trial court in Matamoros's second state habeas proceeding. SHRR-02 refers to the reporter's

Texas Department of Criminal Justice, Correctional Institutions Division ("the Director"), moved for summary judgment.  DE 3.  Matamoros filed a reply to the Director's motion.  DE 8.  In his reply, Matamoros raised a new issue regarding the credibility of State's expert Dr. Denkowski, who testified regarding Matamoros's claim that he is mentally retarded.  *Id.*  Given that this issue was not raised in the parties' original briefing, the Director offers the following, additional response.

## ARGUMENT

I.   **Matamoros's Evidence Is New and Should Be Disregarded by the Court. Moreover, Even If this Evidence Is Properly Before the Court, it Does Not Establish That Dr. Denkowski's Methods Were Defective.**

In his reply, Matamoros argues that the credibility of the State's expert, Dr. Denkowski has been fatally undermined by the state court findings in *Ex parte Platta*, No. 75,820 (Tex. Crim. App. 2008) (unpublished), and the subsequent complaint leveled against Dr. Denkowski by the Texas State Board of Examiners of Psychologists.  DE 8 (Exhibits 1-3).  Dr. Denkowski testified at Platta's mental-retardation hearing, opining that Platta was not mentally retarded.  Later, the trial court found that Dr. Denkowski's testimony was not persuasive and held that Platta was, in fact, mentally retarded.  Based on the

---

record of transcribed trial proceedings in the same.  All references are preceded by volume number and followed by page number where applicable.

trial court's recommendation, the Court of Criminal Appeals granted habeas relief.

In a subsequent complaint, the Texas State Board of Examiners of Psychologists alleged that Dr. Denkowski followed improper psychological testing procedures in connection with his evaluation of certain death-row inmates, specifically Plata, Alfred Dwayne Brown, and Michael Richards. DE 8 (Exhibit 1 at 5-8). In assessing those inmates, the Board said, Dr. Denkowski "intentionally misused or abused" the Adaptive Behavior Assessment System (ABAS) or the Adaptive Behavior Assessment System-II (ABAS-II). DE 8 (Exhibit 1 at 2, para. 5). As noted above, Matamoros now argues that the Board's complaint undermines Dr. Denkowski's credibility in Matamoros's own case.

### A.   Matamoros is trying to introduce evidence to this Court that was not presented to the state court.

Matamoros wishes to introduce new evidence to this Court. On evidentiary matters, this Court is bound by the standard of review. 28 U.S.C. § 2254(d). This Court may not grant relief unless it determines that the state-court decision was based on an unreasonable determination of facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d)(2). For mixed questions of law and fact, this Court may not grant relief unless it determines that the state-court adjudication was contrary to or involved an

-3-

unreasonable application of clear Supreme Court precedent. 28 U.S.C. § 2254(d)(1). And where the facts at issue could not reasonably have been discovered previously, the presentation of those facts is governed by the rules applicable to second or successive petitions. *See* 28 U.S.C. § 2244(b).

Matamoros wishes to introduce new evidence, *i.e.* the complaint filed by the state board, to challenge Dr. Denkowski's credibility. Because the evidence arose after Matamoros's state habeas proceedings, the complaint was not presented in those proceedings. 28 U.S.C. § 2254(d)(2). Hence, the complaint had no bearing on the reasonableness of the state court's decision. 28 U.S.C. § 2254(d)(2). To the extent that the facts in the complaint could not have been discovered previously through the exercise of due diligence, it should be dealt with not through an amendment but through that portion of the statute dealing with successive or second petitions. 28 U.S.C. § 2244(b)(2)(B)(1), (3)(A). Accordingly, the Director now objects to Matamoros's attempt to introduce evidence that was not presented to the state habeas court into these proceedings.

**B.    Even if this evidence is properly before the Court, there is no evidence showing that Dr. Denkowski misused the ABAS in this case.**

In its complaint, the state Board alleged that Dr. Denkowski "misused or abused" the ABAS or the ABAS-II. DE 8 (Exhibit 1 at 2, para. 5). The Board alleged that Dr. Denkowski "intentionally deviated from the norms of scoring

methodology presented in the test manual for the ABAS-II, creating his own score criteria and substituting his clinical judgment for the scoring criteria." *Id.* (Exhibit 1 at 2, para. 6). The board said the ABAS-II administration manual and research literature do not support Dr. Denkowski's "idiosyncratic approaches" to testing and scoring the ABAS-II. *Id.* (Exhibit 1 at 2, para. 7).

First, the Director observes that the complaint levied against Dr. Denkowski is simply that—a complaint. At this time, the allegations against Dr. Denkowski remain unproven.[3]

Second, to the extent that the complaint criticizes Dr. Denkowski's application of the ABAS-II, the complaint is not relevant to Matamoros's case, as Dr. Denkowski used the ABAS, not the ABAS-II. SHCR-02 at 463 (Finding No. 136); 8 SHCR-02 (Exhibit 15 at 4).

Third, in his report, Dr. Denkowski explained his methods and cited professional literature to support his methods. *See generally* 8 SHCR-02 (Exhibit 15). He noted that the American Association on Mental Retardation[4] said that adaptive behavior assessments "'must take into consideration the sociocultural context of the individual' being examined." *Id.* (Exhibit 15 at 10).

---

[3]     A hearing on the Board's complaint is currently scheduled for February 15, 2010, according to OAG contact with Dr. Denkowski's counsel.

[4]     The AAMR now is called the American Association on Intellectual and Developmental Disabilities.

He said the AAMR advised that the "negative impact which social context can exert on adaptive behavior scores should be 'dealt with in the clinical interpretation.'" *Id.* Hence, Dr. Denkowski's report showed that he relied upon professional procedures in applying the ABAS.

> ## C. Simply because the *Platta* court disagreed with Dr. Denkowski's assessment, it does not necessarily follow that his opinions are universally invalid.

With respect to the opinion of the Court of Criminal Appeals in *Platta*, the Director notes that this opinion is unpublished and thus of limited precedential value. DE 8 (Exhibit 2). Furthermore, the mere fact that the state court in *Platta* found Dr. Denkowski unpersuasive does not necessarily mean that Dr. Denkowski must be found unpersuasive in all cases. Indeed, to do so would have dramatic repercussions for mental-retardation cases. The State and the defense generally both call experts in these cases, and courts must necessarily find one set of experts more persuasive than the other. If courts were to disqualify the losing side's experts from testifying in subsequent cases, the world would soon run out of experts. Rather, it is clear that Matamoros must demonstrate that Dr. Denkowski's methodology or testing was defective in the instant case.

## II. Alternatively, Even If the Court Completely Disregarded Dr. Denkowski's Testimony, the State Court's Decision to Deny Relief Was Still Reasonable.

In any event, Dr. Denkowski's testimony was hardly the decisive factor in

the state court's decision.  As explained in the Director's answer, there is ample evidence upon which to sustain the state court's decision even if Dr. Denkowski's testimony is completely discarded.  The state court issued detailed findings describing Matamoros's adaptive abilities, and application of the *Briseño* [5] factors showed that Matamoros did not display the characteristics of the mentally retarded that makes them less culpable for their crimes than non-disabled individuals.  *Atkins v. Virginia*, 536 U.S. 304, 318 (2002); SHCR-02 467-69 (Finding Nos. 151-58).  Hence, even discounting Dr. Denkowski's ABAS-related testing, the state court could have reasonably determined that Matamoros had failed to show by a preponderance of the evidence that he was not retarded.  28 U.S.C. § 2254(d); *Ex parte Briseño*, 135 S.W.3d at 12.

## III.   Matamoros Is Not Entitled to an Evidentiary Hearing.

In conjunction with his reply, Matamoros requests an evidentiary hearing. But since no good cause exists to conduct discovery in this case, this Court should deny Matamoros's request.

### A.   Discovery is not a matter of right in federal habeas litigation.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  There must be "good cause." *Murphy v. Johnson*, 205 F.3d 809,

---

[5]     *Ex parte Briseño*, 135 S.W.3d 1 (Tex. Crim. App. 2004).

814 (5th Cir. 2000).   Under Supreme Court precedent, good cause for such discovery may exist if the petitioner "establishes a prima facie claim for relief:"

> [I]n appropriate circumstances, a district court, confronted by a petition for habeas corpus *which establishes a prima facie claim for relief,* may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to "dispose of the matter as the law and justice require."
>
> [. . .]
>
> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

*Harris v. Nelson*, 394 U.S. 286, 290, 299 (1969).

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts is meant to be "consistent" with *Harris*.   *See* Advisory Committee's Note, Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254 (2007); *Bracy*, 520 U.S. at 908-909; *see also Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998) (noting that *Harris* led to the promulgation of the Habeas Corpus Rules).   The rule provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."   Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C.A. foll. § 2254.

The Fifth Circuit has therefore held that, when read together with Rule

6, the AEDPA allows discovery only when two conditions are met: (1) the petitioner has demonstrated that there is a factual dispute that, if resolved in his favor, would entitle him to relief, *i.e.*, he has established a prima facie claim; and (2) the State did not afford the petitioner a full and fair opportunity to litigate his claims in state court. *Rector v. Johnson,* 120 F.3d 551, 562-63 (5th Cir. 1997). Additionally, because Rule 6 does not permit "fishing expeditions," a federal habeas petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery in federal court. *See Murphy*, 205 F.3d at 814 (citing *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996)); *see also Montoya v. Scott,* 65 F.3d 405, 417 (5th Cir. 1995) (explaining the standard of review for a federal habeas court's denial of a discovery request under Rule 6); *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994) ("A federal habeas court must allow discovery and an evidentiary hearing *only* where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.") (emphasis added).

**B.   There is no "good cause" for discovery in this case.**

**1.   Matamoros has not established a prima facie case for relief.**

Matamoros states that he is entitled to discovery on the basis that: (1) Denkowski's testimony was unreliable; (2) the state court failed to rule on his

contention that the 2002 definition of retardation should have been used rather than the 1992; and (3) he never received a hearing on his ineffective assistance of counsel claim.  DE 8 at 37-38.  Yet, to receive discovery, a petitioner must demonstrate that there is a factual dispute that, if resolved in his favor, would entitle him to relief (*i.e.*, he has established a prima facie claim).  *Rector,* 120 F.3d at 562-63.  Here, there are no factual disputes relating to these issues that will yield relief for Matamoros.

First, as shown above, even if Matamoros were correct that Dr. Denkowski's testimony should be thrown out, there remains more than sufficient evidence to support the state court's decision.   Second, Matamoros's claim regarding which definition to apply is solely a legal one and can be resolved without recourse to a hearing.   Lastly, as explained at length in the Director's motion for summary judgment, Matamoros's ineffective-assistance-of-counsel claim is wholly without merit.   Consequently, there is no necessity for an evidentiary hearing.

## 2. Alternatively, Matamoros's claims were already fully and fairly litigated in the state court.

Matamoros is only entitled to a hearing if the proceedings in the state court were not full and fair.  However, Matatmoros never adequately explains what about his hearing in the state court was not full or fair.  Indeed, the record

reflects that the state court held a lengthy hearing on this matter and allowed both sides to present exhibits, witnesses, and experts.

Under the AEDPA, the proper forum for the making of all factual determinations in habeas cases is in the state courts "where it belongs." *Hernandez v. Johnson*, 108 F.3d 554, 558 & n. 4 (5th Cir. 1997). Furthermore, the AEDPA clearly places the burden on the federal habeas petitioner "to raise and litigate as fully as possible his potential federal claims in state court." *Id.* Matamoros has not shown how the state court deprived him of a full and fair hearing, and his claim for discovery must fail as a result.

## CONCLUSION

For the above reasons, the Director again requests that the Court deny Matamoros's petition for a writ of habeas corpus with prejudice.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

ERIC J.R. NICHOLS
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Assistant Attorney General
Chief, Postconviction Litigation Division

-11-

_/s/_  Stephen M. Hoffman

Attorney-In-Charge

STEPHEN M. HOFFMAN\*
Assistant Attorney General
State Bar No. 24048978
Southern District Bar No. 602073

P.O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
(512) 936-1280 (FAX)
Stephen.Hoffman@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

-12-

## CERTIFICATE OF SERVICE

I do hereby certify that on October 20, 2009, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorney of record, who consented in writing to accept this Notice as service of this document by electronic means:

Robert James Fickman
Attorney at Law
440 Louisiana, Ste 2110
Houston, TX 77002
Email: rfickman@yahoo.com

and

Stanley G. Schneider
Schneider and McKinney, P.C.
440 Louisiana, Ste. 800
Houston, TX 77002
stans3112@aol.com

  /s/ Stephen M. Hoffman
STEPHEN M. HOFFMAN
Assistant Attorney General