IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN REYES MATAMOROS, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION H-07-2613 |
| RICK THALER, Director, Texas Department of Criminal Justice-Institutional Division, | § § § § § | |
| Respondent. | § § § | |

### Order Denying Petitioner's Motion To Stay Proceedings And Hold In Abeyance

Petitioner John Reyes Matamoros is a Texas death row inmate. He has filed a petition for a writ of habeas corpus raising the claim, among others, that he is legally ineligible for the death penalty because he is mentally retarded. *See Atkins v. Virginia,* 536 U.S. 304 (2002).

Subsequent to filing his petition, Matamoros filed a motion to stay these proceedings and hold the case in abeyance. The motion notes that the state habeas court's findings on his mental retardation claim relied on testimony by the State's expert witness, Dr. George Denkowski. A complaint has been filed against Dr. Denkowski with the Texas licensing board concerning his testimony in a number of *Atkins* cases. Matamoros now seeks a stay of his case pending the resolution of the professional misconduct complaint against Dr. Denkowski.

Contrary to Matamoros's assertion, the state court's ruling did not "rel[y] almost entirely on Dr. Denkowski's evaluation, opinion, and testimony." The state habeas court exhaustively examined Matamoros's records from the Texas Youth Commission and the Texas Department of Criminal Justice in concluding that Matamoros does not suffer from deficits in two or more areas

of adaptive functioning, a necessary element of mental retardation. While the state habeas court also cited Dr. Denkowski's opinions, the court's conclusion on this issue is amply supported by Matamoros's records, the testimony of other witnesses, and Matamoros's conduct during his trial. As this Court's separate opinion denying Matamoros's petition makes clear, the state habeas court's conclusion is well supported even if Dr. Denkowski's work is entirely disregarded.

The results of the state proceeding against Dr. Denkowski will not change the outcome of this case, even if Dr. Denkowski is found to have committed professional misconduct. Therefore, there is no basis for staying this case.

Accordingly,

IT IS ORDERED that Petitioner's Motion To Stay Proceedings And Hold In Abeyance (Docket Entry 12) is **Denied**.

SO **ORDERED**.

**SIGNED** this 30th day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE